T.C. Memo. 1998-399

UNITED STATES TAX COURT

RONNY H. AND CHARLOTTE A. SCHMALZER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21473-95.                    Filed November 10, 1998.

Ronny H. and Charlotte A. Schmalzer, pro se.

<u>Robert H. Schorman</u>, for respondent.

MEMORANDUM OPINION

NAMEROFF, <u>Special Trial Judge</u>:  This case was heard pursuant
to the provisions of section 7443A(b)(3)[1] and Rules 180, 181, and
182.  Respondent determined a deficiency in petitioners' Federal
income tax for the taxable year 1992 in the amount of $3,060.

---

[1]  All section references are to the Internal Revenue Code in
effect for the year at issue.  All Rule references are to the Tax
Court Rules of Practice and Procedure.

After a concession by respondent,[2] the issues for decision are: (1) To what extent are petitioners taxable on withdrawals from an Individual Retirement Account (IRA) during 1992; and (2) whether petitioners are liable for the additional tax under section 72(t). The facts stipulated by the parties in the stipulation of facts and the supplemental stipulation of facts are incorporated herein by reference. Petitioners resided in Eagle Rock, California, at the time their petition was filed with the Court.

During the years 1985 through 1992, petitioner Ronny H. Schmalzer (petitioner) was employed in the lithography business by various employers. Several of petitioner's employers during this period had pension plans in which petitioner may have been eligible to participate or in which he did participate.

On November 29, 1985, petitioner established an IRA with the purchase of a variable rate certificate at California Federal Savings and Loan. The record title for the certificate was "California Federal Savings and Loan as Trustee for Ronny H. Schmalzer Under the IRA League Retirement Plan". The initial deposit for this certificate was $1,000.[3] Subsequently from time

---

[2] Respondent conceded that the petitioners are entitled to the mortgage interest deduction claimed on their return.

[3] Although the certificate shows the initial maturity date to be May 28, 1985, we believe the date should have been May 28, 1987, as the renewal term for the certificate was 1-1/2 years.

to time, petitioner made various deposits to and withdrawals from the IRA account. The record reflects that petitioner made the following deposits to and withdrawals from the IRA account:

| Date | Deposits | Withdrawals |
|------|----------|-------------|
| Dec. 8, 1989 | $50 | |
| Dec. 15, 1989 | 50 | |
| Dec. 22, 1989 | 50 | |
| Dec. 29, 1989 | 50 | |
| Jan. 5, 1990 | 50 | |
| Apr. 18, 1990 | 1,100 | |
| May 4, 1991 | | $1,400 |
| May 22, 1991 | 2,000 | |

In 1992, petitioner made the following withdrawals from the IRA account:

| | |
|------|------|
| Jan. 29, 1992 | $1,000 |
| Apr. 6, 1992 | 2,000 |
| July 21, 1992 | 2,000 |
| Dec. 7, 1992 | 1,100 |
| Total | 6,100 |

On December 31, 1992, there was a balance in the IRA account of $1,374.53.

Petitioners contend that they did not claim any deductions for contributions to petitioner's IRA account on their Federal income tax returns. Petitioners' Federal income tax returns for the years 1985 and 1986 are not part of the record. Petitioners' 1987 return, with the exception of the first page, is part of the record, but in the absence of the first page, it is not possible to determine whether a deduction was claimed for an IRA

contribution in 1987.[4] Petitioners' tax returns from 1988 through 1991 are part of the record and reflect that petitioners did not claim any deduction for contributions to the IRA account for 1989, 1990, and 1991, but did claim a $300 deduction for a contribution in 1988.

On their 1992 Federal income tax return, petitioners did not disclose the receipt of the distribution from the IRA account and did not report any amount as taxable income. In the notice of deficiency respondent determined that the $6,100 withdrawn from the IRA account in 1992 is includable in petitioner's gross income, pursuant to sections 408(d)(1) and 72.

Petitioners contend that they are entitled to exclude from gross income the IRA distributions on the grounds that they had a basis in the IRA contributions. Respondent contends that petitioners had a zero basis in the contributions.

Generally, taxpayers do not have a basis in IRA contributions that were made prior to 1987. Section 408(d)(1), as in effect for 1986 provides: "Notwithstanding any other provision of this title * * * the basis of any person in such an account or annuity is zero." For contributions made after 1986, however, taxpayers are allowed a basis in IRA contributions to

---

[4] The exhibit containing most of the 1987 return does have a "data sheet" which, if closely examined, lends the inference that no IRA contribution was deducted but does not permit any inference as to whether any IRA contribution was made.

the extent the contribution is considered an "investment in the contract". Secs. 408(d)(2), 72. Thus, a distribution of IRA contributions that were made before 1987, as well as the earnings thereon, are fully includable in the taxpayer's gross income upon distribution. Further, a distribution of IRA contributions that are made after 1986 may or may not be includable in the taxpayer's gross income depending upon whether the contributions are considered an investment in a contract.

Under these rules, petitioner is not entitled to any basis in his contributions made for 1985 and 1986. The record does not reflect whether petitioner made any contributions in 1987 or whether petitioners claimed a deduction on their return for contributions made in 1987. In 1988, petitioner made a contribution of $300 based upon the fact that petitioners claimed a $300 deduction on their 1988 return. Petitioner is not entitled to a basis in that contribution.

In the years 1989 and 1990, petitioner deposited $1,350 in the IRA account, and petitioners did not claim any deduction therefor on their 1989 or 1990 Federal income tax return. Accordingly for these contributions, petitioner has a basis of $1,350. In 1991 petitioner withdrew $1,400 and, within 60 days thereafter, deposited $2,000 to the IRA account. Accordingly, the $1,400 withdrawn and redeposited does not constitute a deposit, as it is a timely rollover of a previous withdrawal.

See sec. 408(d)(3). Accordingly, in 1991 petitioner made a deposit into the IRA account of $600 from new money for which no deduction was claimed on their 1991 Federal income tax return. Accordingly, petitioner has a basis of $600 with regard to said contribution. Therefore, the record reflects that petitioner has a total basis in his IRA account contributions of $1,950.

That is not the end of our inquiry, however, for we must still calculate the amount to be excluded from gross income. The portion of the distribution that is excludable from income as a return of basis is determined by multiplying the distribution by a fraction, the numerator of which consists of the total amount of the nondeductible contributions (i.e., basis) and the denominator of which consists of the sum of the following items: (1) The IRA account balance as of the last day of the tax year in which the distribution is made ($1,374.53); (2) the amount of the distribution valued as of the day of the distribution ($6,100); and (3) any outstanding rollover. Secs. 72(e)(8)(B), 408(d)(1) and (2); Hall v. Commissioner, T.C. Memo. 1998-336. There is no indication that there is any outstanding rollover involved in this case. Accordingly, the amount of excludable basis in the instant case is computed by multiplying the amount of the distribution $6,100 by a fraction the numerator of which is $1,950 and the denominator of which is $1,374.53 plus $6,100, resulting in an amount excludable of $1,591.40.

Finally, we must consider whether petitioner is liable for the additional tax set forth in section 72(t). Section 72(t)(1) provides for a 10-percent additional tax on premature distributions from all qualified retirement plans,[5] with exceptions numerated in section 72(t)(2). One of those exceptions is for distributions made after the taxpayer reaches the age of 59-1/2. That exception is clearly not involved herein as petitioner was 58 years old at the time of the distributions. None of the other exceptions are relevant to this case. Accordingly, we hold that petitioner is liable for the 10-percent additional tax on premature distributions from a qualified plan for 1992 as provided in section 72(t).

To reflect the above,

<u>Decision will be entered under Rule 155</u>.

---

[5] An IRA is a qualified retirement plan. Sec. 4974(c)(4).